UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA BUSINESS, INC. | CIVIL ACTION NO. _____ |
| VERSUS | JUDGE |
| BR BUSINESS PROFILE DIRECTORY, L.L.C. | MAGISTRATE JUDGE |

## COMPLAINT

NOW INTO COURT, through undersigned counsel of record, comes plaintiff, Louisiana Business, Inc. ("LBI"), a Louisiana corporation with its principal place of business in the Parish of East Baton Rouge, State of Louisiana, and states the following Complaint:

1.

Made defendant here is BR Business Profile Directory, L.L.C., a Louisiana limited liability company with its principal place of business located in the Parish of East Baton Rouge, State of Louisiana.

## JURISDICTION AND VENUE

2.

This is a civil action for damages, declaratory judgment, preliminary and permanent injunctive relief arising under the laws of the United States.

3.

This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1367.

1

4.

This Court has personal jurisdiction over the defendant as the defendant is domiciled and has a principal place of business with in this district and the State of Louisiana.

5.

Venue is appropriate in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

FACTUAL ALLEGATIONS

6.

LBI owns, operates and published several publications distributed within the Greater Baton Rouge area and beyond.

7.

Since 1982, LBI has published and distributed the Greater Baton Rouge Business Report, a print publication providing local and national news related to business.

8.

In 2006, LBI developed and launched 225 Magazine to cover people, entertainment, events, food and style across the Greater Baton Rouge are and South Louisiana. In addition to 225 magazine, LBI has also launched email and internet publications under the "225" brand (collectively, the print, email and internet publications are referred to as the "225 Publications"). Including print and electronic media, the 225 Publications are distributed throughout South Louisiana and both in and out of the State of Louisiana.

9.

LBI is the owner of the Louisiana registered trade name "225." (A copy of the trade name registration is attached as <u>Exhibit A</u>.)

10.

LBI is the owner of the Louisiana registered service mark "225." (A copy of the service mark registration is attached as <u>Exhibit B</u>.) (The "225" trade name, "225" and "Best of 225" marks are referred to collectively as "225 Marks" herein.)

11.

The "225" service mark is registered and owned by LBI in International Class 35 as a "monthly magazine and internet publication and internet and web-based publication."

12.

LBI is the owner of the Louisiana registered trademark and service mark "Best of 225." (A copy of the registration is attached as <u>Exhibit C</u>.)

13.

The "Best of 225" trademark is registered in International Class 35 as "publications and awards."

14.

The "Best of 225" service mark is registered in International Class 42 as "publications and awards."

15.

As is evidenced by its Louisiana trade name and service mark registrations, and its continuous use of the 225 Marks, LBI has continuously and prominently used the 225 Marks to identify its goods, services and content.

16.

Through the website http://www.225batonrouge.com, LBI provides content under the brand names "225" and "225BatonRouge."  (A screen shot of the homepage of http://www.225batonrouge.com is attached as Exhibit D.)

17.

Through weekly subscription emails, LBI provides content under the brand names "225," "225 Select," "225 Dine," and "225 Best Eats."  The email content is linked to information and content on the website http://www.225batonrouge.com, all of which is branded under the 225 Marks.  (A copy of a recent 225 Select email is attached as Exhibit E.)

18.

The 225 Publications have been regularly published and distributed since November 2005.  Since their founding, the print, internet and email publications have been known as "225" to consumers, readers and customers.

19.

Each year since 2005, LBI publishes a "Best of 225" issue of 225 Magazine and recognizes area businesses, people, entertainment, destinations and restaurants as the "Best of 225."  (A copy of the cover of the recent "Best of 225" issue of 225 Magazine is attached as Exhibit F.)

20.

LBI also issues "Best of 225" placards to area businesses featured in the "Best of 225" issue.  (A sample placard is attached as <u>Exhibit G</u>.)

21.

LBI sells and offers for sale advertisements for the 225 Publications.  The pricing for advertising in the 225 Publications is based on the goodwill established by LBI.

22.

LBI has expended significant resources advertising, promoting and marketing the 225 Publications, under the "225" brand and 225 Marks, as well as the affiliation with LBI's other successful publications.  As a result, the "225" brand and the 225 Marks have become distinctive and synonymous with goods, services and content from LBI.

23.

LBI has used the "225" mark throughout the Greater Baton Rouge area and south Louisiana, and in interstate commerce since 2006.  This use has been constant and has been consistently in connection with the 225 Publications.

24.

The 225 Marks, though the distribution of the 225 Publications and other LBI publications, have become widely recognized in, at least, the Greater Baton Rouge area and South Louisiana.

25.

Consumers, readers and customers have come to associate "225" and the 225 Marks with the content distributed through the 225 Publications and LBI.

5

26.

The prolific use of the 225 Marks and community association of "225" and the 225 Marks with the 225 Publications and LBI demonstrates the goodwill which LBI has developed in the 225 Marks.

27.

The defendant has registered and operates a website which can be reached through the address http://www.bestin225.com.

28.

The defendant has launched both print and internet content under the name "Best in 225."

29.

The defendant has sold or has offered for sale advertisements and sponsorships for its print and internet content under the "Best in 225" name.

30.

With the sale of advertising and sponsorships, and the launch of its internet and email publications, the defendant has and will continue to trade on and benefit from misrepresentation of source and/or association with the established 225 Publications and the 225 Marks.

31.

LBI has received telephone calls and other inquiries concerning the affiliation of "Best in 225" to the 225 Publications and LBI.

32.

In March 2011, LBI contacted the defendant and requested that the defendant cease and desist use of the "Best in 225" name and any derivation of any mark owned by LBI in its print and internet content. The defendant refused to stop use of the "Best in 225" name.

33.

The defendant has willfully and intentionally adopted, advertised and used the 225 Marks and "225" in connection with the promotion, advertisement, distribution and sale of its print and internet content for the purpose of trading on the goodwill and reputation of the 225 Publications and LBI and trading off of the goodwill and presence of the 225 Publications and LBI in the marketplace.

34.

The defendant is advertising and promoting its print and internet publications in a manner calculated to benefit from the existing 225 Marks and to create the impression that its goods, services and content are affiliated or associated with the 225 Publications or LBI.

35.

The defendant's advertising and promotion of the defendant's goods, services and content under the 225 Marks and "225" brand, and the use of the substantially similar "Best in 225," has and is likely to cause confusion, mistake and deception as to the origin and source of the defendant's products.

36.

Through intensive marketing and distribution, the 225 Marks have developed secondary meaning within the Greater Baton Rouge area and South Louisiana and have come to be recognized and associated with the content and distribution of content by LBI through the 225 Publications.

37.

The use of the "Best in 225" name by the defendant has and is likely to cause confusion or cause mistake or deceive as to affiliation, connection or association of the defendant with LBI.

38.

The use of the "Best in 225" name by the defendant has and is likely to cause confusion as to the origin, sponsorship, or approval of the defendant's goods, services, content or commercial activities.

## COUNT 1 – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

39.

The allegations of Paragraphs 1 through 38 are incorporated and herein by reference.

40.

The conduct described herein falsely represents that the defendant's goods, services and content are legitimately connected with LBI and the 225 Publications, and infers that the defendant's goods, services and content originate or are sponsored or approved by LBI or the 225 Publications, or otherwise affiliated with the plaintiff.

41.

The use of the "Best in 225" name by the defendant has and will cause substantial harm to LBI's goodwill, business reputation and profits unless the relief sought herein is granted.

42.

The defendant's misleading use of the "Best in 225" name, which is likely to cause confusion with LBI's "225" marks, including LBI's "Best of 225" mark, is in violation of federal unfair competition laws, including but not limited to 15 U.S.C. § 1125(a).

43.

LBI does not have an adequate remedy at law inasmuch as money damages would not adequately compensate LBI for the permanent loss of its proprietary rights, established goodwill, and business reputation. Unless this Court restrains and enjoins the defendant, its acts will cause irreparable harm to LBI's intellectual property rights, goodwill and business reputation and will cause substantial irreparable harm to LBI.

44.

Due to the defendant's violations under 15 U.S.C. § 1125(a), LBI is entitled to injunctive relief, as well as the defendant's profits, any damages sustained, and the costs of the action, as well as reasonable attorney's fees.

## COUNT 2 — UNFAIR TRADE PRACTICES UNDER LOUISIANA LAW

45.

The allegations of Paragraphs 1 through 44 are incorporated herein by reference.

46.

LBI and the defendant are business competitors.

47.

The conduct described herein constitutes unfair trade practices under La. R.S. 51:1405, *et seq.*, in that such conduct violates public policy and is immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, fraudulent and deceptive.

48.

As a result of the defendant's unlawful conduct, LBI is entitled to an award of damages, attorney's fees and costs under La. R.S. 51:1409.

49.

Contemporaneous herewith, LBI is notifying the Attorney General for the State of Louisiana of the unlawful acts complained herein, and is requested that the Attorney General put the defendant on notice that its actions are and continue to be in violation of the Louisiana Unfair Trade Practices Act.

COUNT 3 — SERVICE MARK INFRINGEMENT UNDER LOUISIANA LAW

50.

The allegations of Paragraphs 1 through 49 are incorporated herein by reference.

51.

The defendant's conduct, as alleged above, constitutes a direct infringement upon the registered service mark of LBI.

52.

The defendant's conduct, as alleged above, has and will cause an injury to the business reputation of LBI and dilute the distinctive quality of LBI's marks in violation of La. R.S. 51:222 and La. R.S. 51:223.1.

53.

LBI does not have an adequate remedy at law inasmuch as money damages would not adequately compensate LBI for the permanent loss of its proprietary rights, established goodwill, and business reputation.  Unless this Court restrains and enjoins the defendant, its acts will cause irreparable harm to LBI's intellectual property rights, goodwill and business reputation and will cause substantial irreparable harm to LBI.

54.

Due to the defendant's violations under La. R.S. 51:222, LBI is entitled to injunctive relief, as well as the defendant's profits, any damages sustained, and the costs of the action, as well as reasonable attorney's fees.

55.

LBI demands a trial by jury for all matters triable to a jury.


WHEREFORE, Louisiana Business, Inc. prays for the following:

1. That the defendant, BR Business Profile Directory, L.L.C. and any affiliated or related companies, their officers, directors, agents, members, and employees, their successors and assigns, and all other persons in active concert or

participation with them, be permanently enjoined and restrained from the following:

(a) Using the 225 Marks, including "225" "or any other imitation or derivation of the 225 Marks in advertisement, promotion, sale or marketing of its email and internet publications or any other products;

(b) Using the "Best in 225" mark as it is substantially similar to LBI's "Best of 225" mark such that there is confusion in the marketplace among customers, advertisers, readers and the general public;

(c) Operating a website with the address of http://www.bestin225.com;

(d) Expressly or implicitly representing itself to customers, potential customers, or the public as an affiliate or licensee of LBI in connection with the advertisement, promotion, sale or marketing of its email and internet publications or any other products;

(e) Representing by words or conduct that any product or service it offers is authorized, sponsored, endorsed or otherwise affiliated with LBI;

(f) Infringement of the 225 Marks;

(g) Dilution of the 225 Marks;

(h) Unfair competition with LBI in any manner, including through the use of its intellectual property.

2. That the defendant be required to account for and that judgment be entered in favor of LBI for:

(a) All profits derived by use of the 225 Marks and the defendant's willful infringement and dilution of LBI's mark and unfair competition;

(b) All damages suffered by LBI;

(c) The costs of this action;

(d) Attorney's fees; and

(e) Treble the amount of actual damages as compensation for the defendant's willful infringement and dilution of LBI's mark and unfair competition.

3. That, within 30 days of entry of any injunction. the defendant be required, pursuant to 15 U.S.C. § 1115 to file a report, under oath, explaining the defendant's compliance with the injunction; and

4. That the defendant be ordered to deliver up for destruction any and all products, brochures, pamphlets, flyers or other advertising or promotional material is its possession containing the 225 Marks or any derivation of the 225 Marks; and.

5. Any and all other relief to which it is entitled under law.

        By Attorneys,

        ROEDEL, PARSONS, KOCH, BLACHE,
          BALHOFF & McCOLLISTER
        8440 Jefferson Hwy., Suite 301
        Baton Rouge, LA 70809-7652
        Telephone: (225) 929-7033
        Facsimile: (225) 928-4925

        <u>/s/ Carlton Jones, III</u>
        CARLTON JONES, III, T.A. (#25732)
        RYAN R. BROWN (#31070)

        *Counsel for Louisiana Business, Inc.*